UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DAVID T. KASTRITSIOS,

                           Plaintiff(s),

      -against-

EMILY DiCENSO and RAFFAELE DiCENSO,

                           Defendant(s).
------------------------------------------------------------------------X

08 Civ 5345 (NRB)

PLAINTIFF'S ANSWERS
TO INTERROGATORIES

COUNSEL:

PLEASE TAKE NOTICE that pursuant to the requirements of Rule 33 of the Federal Rules of Civil Procedure, and in response to the First Set of Interrogatories dated July 28, 2008 as propounded by defendants, plaintiff alleges upon information and belief, as follows:

    1.     "(a) Plaintiff(s) date of birth;
          (b) Plaintiff(s) Social Security Number;"

**Answer:** 

    2.     "Post office and residence address of each plaintiff."

**Answer:**    Plaintiff resides at 124 West 60th Street, Apt. 21C, New York, New York 10023.

    3.     "The date and approximate time of the day of the occurrence."

**Answer:**    The accident took place on April 27, 2008 at approximately 12:45 P.M.

    4.     "The approximate location of the occurrence."

**Answer:**    The accident happened on East 47th Street in or about its intersection with 2nd Avenue, in the Borough of Manhattan, County, City and State of New York.

    5.     "The manner in which it occurred."

**Answer:**    The accident occurred when the vehicle owned and operated by defendants drove through a steady red traffic light governing southbound traffic on Second Avenue into its intersection with East 47th Street impacting with the motorcycle being lawfully operated by plaintiff westbound on East 47th Street through its intersection with Second Avenue.

6. "A statement of the acts or omissions constituting the negligence claimed. If any violation of any rule, law, custom, ordinance or statute is claimed, identify and specify the provisions of same."

**Answer:** The accident was caused wholly and solely by and through the carelessness and negligence of the defendants in the ownership, operation, maintenance and control of his motor vehicle, more particularly:

in failing to have motor vehicle under proper control; failing to observe traffic conditions prevailing in the roadway; traveling at an excessive rate of speed under the circumstances; failing to give any and/or proper and/or adequate signals or warnings of approach and/or danger; failing to keep proper position on the roadway; failing to keep the brakes and braking equipment in good and working condition and/or in failing to seasonably and reasonably apply the same; failing to stop motor vehicle prior to collision and/or impact; failing to take such care and caution so as to have avoided the occurrence; operating the motor vehicle in a reckless, careless and negligent manner;

in that the defendants' vehicle was driven through a steady red traffic light because of the inattention of the defendant driver who at the time and place of the accident was not looking where he was driving, and instead was looking at a "GPS" device.

The defendants violated statutes, rules, regulations and ordinances of which this Court may take judicial notice at the time of trial. More specifically, and without limiting the generality thereof, defendants violated the provisions of the Vehicle and Traffic Law of the State of New York which include but are not limited to Sections 1101, 1110, 1111, and 1180.

7. "A general statement of the injuries claimed to have been sustained as a result of the occurrence, and the nature and extent thereof."

Answer: Plaintiff sustained the following injuries wholly and solely as a result of the negligence of the defendant:

Significantly displaced, unstable and impacted intra-articular of the right distal radius, and fracture of the ulnar styloid, with comminution of both the radial and ulnar columns. The unstable fracture was demonstrated in the coronal plane with proximal and volar displacement of distal/volar fragment, at the articulation of the carpus with the displaced radial fragment;

Narrowing of the right distal radioulnar joint;

Likely right wrist lunate fracture in the radial aspect proximally;

Impaction of the right scaphoid into the above described fracture site;

Osteopenia in the lunate radial aspect proximally;

Status post multiple closed reductions and open reduction with internal fixation of the right distal radius with mobilization of impactions of the radius, ulnar, scaphoid and lunate bones;

Post surgical external scarring and post traumatic and post surgical internal scar tissue formation; and

Emotional overlay secondary and reactive to trauma, surgery under general anesthesia, pharmacotherapy, pain and disability.

The above injuries required surgical intervention for open reduction of fracture with internal fixation of right distal radius including plating and the insertion of screw type devices and related fixation materials..

8. "A statement of such injuries claimed to be permanent and the nature and extent thereof."

**Answer:** Upon information and belief, all of the above injuries are of a permanent nature and involve the nerves, muscles, tissues, ligaments, tendons and blood vessels in and about the area of the injuries, and plaintiff has and will suffer a traumatically aggravated, precipitated or induced early onset of arthritis of the affected bones and joints with consequent pain, weakness, stiffness and marked limitation of motion, which condition is, upon information and belief, incurable, permanent and progressive in nature.

The full nature and effects of the injuries sustained by plaintiff are not known at this time. Plaintiff reserves the right to supplement the answers to interrogatories "7" and "8" pursuant to the Federal Rules of Civil Procedure.

9. "Length of time and dates confined to bed and house."

**Answer:** Plaintiff remained principally in his bed from the date of the accident until approximately 3 weeks after the surgery to his right wrist and has thereafter and to date been so confined intermittently. Upon information and belief, plaintiff will continue to be so intermittently confined to his bed for the foreseeable future.

Plaintiff was principally confined to his house during the time he principally remained in his bed and for 1 month after the surgery to his right wrist. Plaintiff has thereafter and to date been so confined intermittently. Upon information and belief, plaintiff will continue to be so intermittently confined for the foreseeable future.

10. "Length of time and dates incapacitated from employment."

**Answer:** Plaintiff was totally incapacitated from his employment for a period of one month following the accident. Plaintiff has not been able to fully perform the requirements of his job to date. Upon information and belief such partial incapacitation will continue for the foreseeable future.

11. "Itemize all amounts claimed as special damages for: (a) Physicians' services; (b) Medical supplies; (c) Hospital expenses; (d) Nurses' services; (e) Loss of earnings; and (f) All other special damages."

Answer: Plaintiff claims the following special damages tp date (additional

special damages will be provided pursuant to the Federal Rules of Civil Procedure):

| | | |
|---|---|---|
| a) Physicians' services | $ 15,175.00 | |
| b) Medical supplies | 9.99 | |
| c) Hospital expenses | 15,970.71 | |
| d) Nurses' services | included in (c) | |
| e) Loss of earnings | Plaintiff has lost overtime and, upon information and belief, plaintiff's future earning capacity and potential for advancement has been diminished and adversely impacted. The amount of such losses, diminution and adverse impact will be supplied in an economic analysis provided via expert disclosure pursuant to the Federal Rules of Civil Procedure. | |
| f) Other: | | |
| Ambulance | 482.00 | |
| Hospital radiology/pathology/tests | 4,278.00 | |
| Physical Therapy | 2,065.00 | |
| Prescriptions | 11.34 | |
| Transportation, approximately | 852.00 | |
| Towing | 230.00 | |
| Parking | 200.00 | |
| TOTAL | $ 39,274.04 | |

12.  "State the name and address of plaintiff's employer at the time of the occurrence, if any; nature of plaintiff's employment and amount of salary."

**Answer:**   At the time of the accident, plaintiff was employed by IBM, 1701 North Street, Endicott, NY 13760, as a Systems Management Delivery Professional. Plaintiff earns approximately $80,000 per year, inclusive of overtime and bonus.

13.  "If plaintiff was self-employed at the time of the occurrence, state the facts upon which plaintiff bases his claim for loss of earnings, if any."

**Answer:**   Plaintiff is not self-employed.

14.  "If property damages are claimed, describe the article, the damage thereto, date of purchase, original cost and cost of repair."

**Answer:**   Plaintiff has not made a claim for damage to his motorcycle in this lawsuit. As a result of this accident, plaintiff's motorcycle was damaged beyond repair and declared a total loss. Plaintiff was paid for the full value of his motorcycle, less a deductible of $1,000.00 by his collision insurer, GEICO, which, upon information and belief, is subrogated to the rights of plaintiff with regard to the damage to plaintiff's motorcycle.

15.  "If property damage to an automobile is claimed, state the following:

(a) the make, style, model year of manufacture, serial number and license number of plaintiff's motor vehicle; and (b) the parts of the motor vehicle alleged to have been damaged and the cost of repair or replacement thereof."

**Answer:** See Answer to Interrogatory 14 above.

16. "Whether it is claimed that the defendant had actual or constructive notice of the alleged defective condition."

**Answer:** Inapplicable.

17. "If actual notice is claimed, set forth the date and to whom notice was given; if constructive notice is claimed, set forth the length of time it is alleged said condition existed."

**Answer:** Inapplicable.

18. "State if any of the amounts in answer to paragraph "11" have been paid under coverage afforded by the Comprehensive Automobile Reparation Act."

**Answer:** No.

19. "The amount of such payment. List each item separately."

**Answer:** Inapplicable.

20. "Name of insurance company making such payment."

**Answer:** Inapplicable. Although not requested by this Interrogatory, plaintiff's medical/hospital bills and related expenses have been submitted to his private health care carrier, Empire Blue Cross/Blue Shield, 11 West 42nd Street, New York, New York 10036, under ID# IPB 88350958, authorization for which has been provided.

21. "State in what respect plaintiff will claim to have sustained (1) a "serious injury" of (2) economic loss greater than "basic economic loss", as is required and defined under the Insurance Law, Section 5102(a) and (b)."

**Answer:** Article 51 of the Insurance Law of the State of New York is inapplicable to the plaintiff's claims in this lawsuit.

22. "State whether its claimed that any pre-existing injury, neurological disturbance, psychiatric condition or physical condition of the plaintiff had been aggravated as a result of the occurrence. If so: (1) specify each pre-existing condition that had been aggravated; and (2) state the manner in which each such condition had been aggravated."

**Answer:** No

Dated:    Hauppauge, New York
          August 19, 2008

       Yours, etc.

       RAPPAPORT, GLASS, GREENE & LEVINE, LLP
       Attorneys for Plaintiff
       1355 Motor Parkway
       Hauppauge, New York 11749
       (631) 293-2300

       BY:_____
         CHARLES J. RAPPAPORT (CJR7037)

TO: Brand, Glick & Brand, P.C.
   Attorneys for Defendants
   600 Old Country Road, Suite 440
   Garden City, New York 11530
   (516) 746-3500

STATE OF NEW YORK    )
                     ) SS:
COUNTY OF NEW YORK )

    DAVID T. KASTRITSIOS, being duly sworn, deposes and says:

    I am the plaintiff in the captioned action.  I have read the within Answers to Interrogatories and know the contents thereof.  The same is true to the best of my own knowledge, and to my information and belief.


                                                                                                   _____
                                                                                                    DAVID T. KASTRITSIOS


Sworn to before me this
       day of August, 2008


_____
    Notary Public